JOHN STITES AND WIFE *v.* DORSEY SMEDLEY.

Will — Bequest — Gift.

> One of the beneficiaries under a will may dispose of his share to the other legatees by gift, and vest them with the perfect right to dispose of it as they please to the exclusion of the husband of their deceased sister.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

September 22, 1866.

OPINION OF THE COURT BY JUDGE HARDIN:

Elizabeth Hurst, who resided in the city of Dublin, Ireland, died in November, 1832, leaving a will made in 1821, in which she bequeathed to her son, Wilson Ashley Hurst, then a resident of Kentucky, estate in Ireland amounting to nearly £470.

Afterward, said W. A. Hurst, by a letter to his brother, James H. Hurst, the executor of their mother, dated at Salem, Ky., April 29, 1833, and written in terms evincing a very high sense of magnanimity, disposed of the entire bequest to him in the following language:

> "You will, therefore, pay my sister Ann £50, my sister Sally £50, my nephew, Jonas Taylor, £10, and B. M. Tenant £10, which I am sure they will take from you as you can conveniently spare it. The balance of the property, whether real or personal, I hereby resign all rights and title to and also make a gift of it to you, and may God help you with it."

We are satisfied from the evidence that this letter was received by James H. Hurst who, as executor, assented to and at least substantially complied with the provision it contained as to the legacy, and that this provision was accepted by him and the other beneficiaries.

In June, 1833, Wilson A. Hurst died, leaving a widow and three infant children, viz.: James W. Hurst, Julianna Hurst, and Elizabeth Hurst. Subsequently, and before the institution of this suit, said Julianna Hurst intermarried with the appellee, Dorsey Smedley, and shortly thereafter died. On the 7th day of June, 1847, said Smedley was appointed the statutory guardian of said Elizabeth Hurst. As her guardian he received upon three drafts payable in New York, and transmitted from Ireland by her uncle, the said James H. Hurst, the sum of $1,600. The ward having arrived at twenty-one years of age, her late guardian settled with her on the 24th of April, 1849, and gave her his note for the amount then found to be due her, and took from her a release of himself and surety in his bond as guardian. She shortly afterward intermarried with her coappellant, John Stites, to whom said Dorsey Smedley with William Smedley, his surety, executed their note for $1,083.07, for a balance of the debt to said Elizabeth. This note not being paid at maturity, Stites obtained a judgment upon it.

Afterward, in November, 1851, Smedley filed his bill in chancery and obtained an injunction to stay the collection of a portion of the judgment against him on the alleged ground that he was entitled, as surviving husband of his deceased wife, to an equal third of the $1,600 received from Ireland, and had held and

treated it, while guardian, as of the estate of his ward, through a mistake of the law. The bill seeks to set off this claim against so much of the judgment enjoined. Smedley afterward became the administrator of his wife, and by amended pleading sought to recover in that capacity.

Stites and wife, by their answer, not only controvert the claim of Smedley, but by a cross-bill seek to recover against him for other estate alleged to have come to his hands as guardian, besides the $1,600 transmitted from Ireland.

Pending the controversy, the injunction of Smedley was dissolved but his suit progressed for a recovery of the claim against Stites and wife.

On final hearing the Circuit Court rendered judgment in favor of Smedley against Stites and wife for $533.33, with interest from the 1st day of July, 1851, and dismissed the cross-bill of Stites and wife; and from this judgment Stites and wife appealed to this court.

We perceive no valid objection to so much of the judgment as dismisses the cross-bill of Stites and wife. Although the appointment of Smedley was general and in the usual form as guardian, the evidence clearly shows that he took the guardianship for the sole purpose of receiving the proceeds of the drafts sent from Ireland, and although he acted as agent for Mrs. Patterson in the management of the estate in his hands, it does not appear that he returned or controlled as guardian any estate of his ward, except the proceeds of said drafts. So much of the judgment, therefore, as dismissed said cross-bill is concurred in and affirmed.

But we are constrained to adopt a different conclusion as to the judgment for $533.33 against Stites and wife. Leaving the question of law as to whether Smedley, as the representative of his wife, a distributee of W. A. Hurst, could maintain the action at all, the case upon the facts shown seems to us to be conclusive against him.

We are of the opinion that James H. Hurst and the other relations of Wilson A. Hurst in Ireland were by their acceptance of the provision expressed in said letter from W. A. Hurst vested with the bequest to him with the perfect right to dispose of it as they pleased, and that in the exercise of this right they afterward voluntarily gave its proceeds to the two surviving children of

Wilson A. Hurst to the exclusion of the husband and representative of their deceased sister.

So much of the judgment, therefore, as is for said $533.33, with interest and costs of the original suit in favor of Smedley against Stites and wife, is reversed, and the cause remanded, with directions to dismiss the bill at the complainants' costs.